IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA VON SCHLICHTEN and | : | |
|     ERIC VON SCHLICHTEN | : | CIVIL ACTION |
| | : | |
|     v. | : | No. 06-1028 |
| | : | |
| COUNTY OF NORTHAMPTON et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                   **September 20, 2007**

The defendants in this case ask this Court to dismiss Diana von Schlichten's Complaint that her disabled son's civil rights were violated when he was placed in a group home for a year and a half before charges of indecent assault were pled down to disorderly conduct and he was sentenced to time served.  Because I find von Schlichten has failed to state a cause of action against any of the seven defendants, most of whom are also entitled to immunity, I will dismiss the Complaint with prejudice.

**FACTS**[1]

Von Schlichten's son Eric, who was 20 at the time, was charged with indecent assault after he was found in a closed bathroom with a partially dressed woman.  Eric was held in the Northampton County jail briefly before the Hon. Edward G. Smith transferred him to the Main Stay

---

[1]When I consider a Motion to Dismiss I accept all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to von Schlichten.  *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989).  Because von Schlichten is acting *pro se*, I construe her submissions liberally and with a measure of  tolerance.  *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Group Home with instructions for restrictive supervision and confinement.  Eric was held at Main Stay for 18 months before appearing before the Hon. William F. Moran.  Before Judge Moran, Eric with advice of his counsel, Dwight Danser, Esq., of the public defender's office, pled guilty to a reduced charge of disorderly conduct.  Judge Moran released Eric on time served for the time he spent at Main Stay.

In this Court, von Schlichten asserts the actions of the two judges, the district attorney, the county of Northampton, the public defender, and Main Stay and its director violated Eric's constitutional rights  to due process, a speedy trial, effective assistance of counsel, and the right to represent himself.[2]  Each of the defendants has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(c).

**DISCUSSION**

To prevail in a § 1983 action, a plaintiff must establish a deprivation of a constitutionally or federally secured right by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Hicks v. Feeney*, 770 F.2d 375, 377 (3d Cir. 1985).  This Court may only grant a Rule 12(b)(6) motion "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."  *D.P. Enter. Inc. v. Bucks County Cmty. Coll.,* 725 F.2d 943, 944 (3d Cir. 1984).  Von Schlichten fails to state a cause of action even under the  "less stringent standard" for a *pro se* litigant than that for pleadings prepared by a lawyer.  *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir.2003) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The official defendants, the two judges, and  the district attorney, are entitled to absolute

---

[2]The Complaint also asserts civil rights violations under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181 *et seq*. and the Civil rights Act, 42 U.S.C. § 2000e *et seq.* without elaboration. The Complaint alleges no facts which would support either claim.

2

immunity.  Immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 512 (emphasis in original).  As a result, the Supreme Court stresses "the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) *(per curiam).*

The two judges in Eric's case, Judge Smith and Judge Moran, are each absolutely immune from suit for any act in their official capacities. A judicial officer in the performance of his or her duties has absolute immunity from suit.  *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation omitted). Because the two judges are immune I will grant their motion under Rule 12(b)(6).  The district attorney, John Morganelli, Esq., is also entitled to absolute immunity from a civil suit for damages under section 1983 in initiating a prosecution and in presenting the state's case.  *Michaels v. New Jersey*, 222 F.3d 118, 122  (3d Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

Northampton County may only be liable under section 1983 "when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990).  In other words, the plaintiff must "identify the challenged policy, attribute it to the municipality, and show that the execution of the policy caused the injury suffered by the plaintiff." *Russoli v. Salisbury Twp.*, 126

3

F. Supp. 821, 839 (E.D. Pa. 2000) (citing *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984)). Von Schlichten has offered no allegation of an unlawful policy or custom of the County which would establish municipal liability.

Eric's public defender, Dwight Danser, Esq.,[3] is not a state actor and, therefore, cannot be liable under section 1983.  Von Schlichten may only state a viable claim under section 1983 if the violation of federal rights "was committed by a person acting under color of state law."  *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005). Criminal defense attorneys do not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312, 319-25 (1981)(function of defense lawyer is "essentially ... private" and performed without "state office and authority," even though lawyer is licensed by government and even if he is employed by government as public defender). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Id.* at 325.  Von Schlichten does not allege Danser did anything other than act in the role of defense counsel, and can not show action under color of state law.

Even when I view the allegations in the light most favorable to the von Schlichtens and assume Main Stay could be considered a state actor, I find Main Stay is entitled to absolute immunity.  Action taken pursuant to a facially valid court  order receives absolute immunity from section 1983 lawsuits for damages. *Hamilton v. Leavy*, 322 F.3d 776, 783 (3d Cir. 2003).  Main Stay and its director held Eric in a restrictive setting pursuant to the order of Judge Smith.  The von Schichtens have not alleged any action by Main Stay or its director which exceeded the parameters

---

[3]The lawyer's name is incorrectly spelled in the caption to the Complaint; I use the correct spelling in this Memorandum

4

of Judge Smith's order; they are, therefore, immune and entitled to judgment on the pleadings.

When I consider the gravamen of the von Schlichtens's Complaint, I find the only arguable constitutional assertion is that Eric was denied his right to a speedy trial.  The right to a speedy trial is not cognizable under section 1983.  *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 plaintiff may not recover damages for an allegedly unconstitutional confinement if judgment in favor of the plaintiff on the section 1983 claims would necessarily imply the invalidity of his confinement. *Id.* at 486-87; *see also Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir.2006) (holding that plaintiff may not proceed with section 1983 claim, even if he is no longer in custody).   A challenge to the fact of conviction or the length of a sentence "however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).   Therefore, the von Schlichtens's challenges to the length of time Eric was held before his hearing can not be remedied through a section 1983 action.  Therefore, I will dismiss the Complaint as legally insufficient to state a cause of action.

An appropriate order follows.

5